## S02Y0875. IN THE MATTER OF FRANKLIN H. DAVIDSON.

(561 SE2d 412)

PER CURIAM.

This matter is before the Court on Respondent Franklin H. Davidson's Petition for Voluntary Surrender of License, filed pursuant to Bar Rule 4-227 (b), in which Davidson admits violating Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 63 (lawyer shall maintain complete records of all funds, securities, and other properties of client coming into lawyer's possession and shall promptly render appropriate accounts regarding them to client); and 65 (lawyer shall not commingle client's funds with his own, and shall not fail to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d). The State Bar recommends that this Court agree to Davidson's request that he be permitted to surrender his license to practice law, which is tantamount to disbarment under Bar Rule 4-110 (f).

In his petition, Davidson, who has been a member of the State Bar of Georgia since 1984, admits he knowingly violated his duties as a fiduciary, commingled client funds with his own, and failed to account for funds he held in a fiduciary capacity. He admits that he represented a client in a personal injury law suit arising from an automobile accident; that the case went to trial and the court awarded his client damages for pain and suffering; that the trial court ordered that the funds be placed in a trust for his client; and that he accepted the trial court's appointment as trustee over the

trust on or about November 13, 1992. He further admits that from January 1999 through April 1999 he wrote checks from his client's trust for his personal benefit and failed to make an accounting to his client regarding the funds held in a fiduciary capacity. According to Davidson, he resigned as trustee of the trust on May 8, 2000, closed his law office in June 2000, and enrolled in an in-patient drug treatment program. He also claims that in January 2001, he tendered full restitution to the trust in the amount of $47,926 which amount included the principal amount misappropriated together with interest at the rate of 12% through the date of tender, but that this tender was not accepted by the trust representatives. Davidson contends that he has continued, through counsel, to tender said amount as of the date of his petition.

We agree with the State Bar that disbarment is the appropriate discipline for a lawyer, such as Davidson, who admits to violating Standards 4, 63 and 65 of Bar Rule 4-102 (d) and who knowingly converts client property and causes injury or potential injury to a client. Given the facts of this case, including those in mitigation such as Davidson's attempted restitution, we accept Davidson's petition for voluntary surrender of his license to practice law in this State. The name of Franklin H. Davidson is hereby removed from the rolls of persons entitled to practice law in the State of Georgia. Davidson is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of the rule.

*Voluntary surrender of license accepted. All the Justices concur.*

DECIDED MARCH 25, 2002.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Henderson & Lipscomb, David S. Lipscomb*, for Davidson.